**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

APR 16 2010

DAVID CREWS, CLERK
By: ⁓⁓⁓⁓⁓⁓⁓
Deputy

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY

PLAINTIFF

v.

CAUSE NO. *1:10CV84-A-D*

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE
HEALTH AND REHABILITATION OF
CORINTH

DEFENDANT

---

### NOTICE OF REMOVAL

---

Defendant, Cornerstone Health and Rehab of Corinth, LLC d/b/a Cornerstone Health and Rehabilitation of Corinth (hereafter "Defendant" or "Cornerstone"), by and through its undersigned counsel, appears for the purpose of presenting this Notice of Removal of the cause described below from the Circuit Court of Alcorn County, Mississippi, to the United States District Court for the Northern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows:

### I. JURISDICTION AND VENUE

1.     The above-styled action was originally commenced by the Plaintiff, Rose Watson, on January 13, 2010, by the filing of a Complaint in the Circuit Court of Alcorn County, Mississippi, styled: *Rose Watson, as Power of Attorney for Dorothy Perry v. Cornerstone Health and Rehab of Corinth, LLC d/b/a Cornerstone Health and Rehabilitation of Corinth and Magnolia Regional Health Services, Inc. d/b/a Magnolia Regional Health Center,* bearing Cause No. CV10-012FA.

2.     This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

3.     The United States District Court for the Northern District of Mississippi, Eastern Division is the proper venue for this matter since the matter is removed from the Circuit Court of Alcorn County, Mississippi.

4.     Less than thirty (30) days, as calculated under applicable law, have elapsed since March 17, 2010, when Plaintiff voluntarily dismissed, via a Stipulation of Dismissal, the non-diverse Defendant, Magnolia Health Services, Inc. at which this case first became removable.  Further, this removal has been accomplished within one (1) year after commencement of the action so as to be timely within the provisions of 28 U.S.C. § 1446 (b).

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

5.     This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, since the proper parties to this matter are of entirely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.     PARTIES

6.     At the time of the filing of the Complaint and at all times pertinent to this removal, the Plaintiff was and is an adult resident citizen of Alcorn County, Mississippi.

7.     At the time of the filing of the Complaint and at all times pertinent to this removal, Defendant Cornerstone Health and Rehab of Corinth, LLC d/b/a Cornerstone Health and Rehabilitation of Corinth was and is a foreign limited liability company organized

under the laws of the State of Delaware, whose members are resident citizens of states other than Mississippi, and which was served with process on January 25, 2010.

## B. AMOUNT IN CONTROVERSY

8.	The amount in controversy in this civil action exceeds $75,000.00, exclusive of costs and interest, as evidenced by the Plaintiff's demand for an award of punitive damages in her Complaint.

9.	Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 since it is a civil action between parties of diverse citizenship with the amount in controversy in excess of $75,000.00, exclusive of costs and interest, and this action is thereby being removed to this Court pursuant to 28 U.S.C. § 1441.

## III. FEDERAL QUESTION AND/OR SUPPLEMENTAL JURISDICTION

10.	In addition, this Court has federal question and/or supplemental jurisdiction under 28 U.S.C. 1331 and 9 U.S.C. 4 (Federal Arbitration Act) as the controversy in question is governed by an Alternative Dispute Resolution Agreement which requires arbitration and is enforceable pursuant to 9 U.S.C. 4.

11.	Even assuming arguendo that certain alleged claims by the Plaintiff are conceivably not claims over which this Court has original jurisdiction, this Court does have original jurisdiction over most claims and, pursuant to 28 U.S.C. § 1367, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy". See 28 U.S.C. § 1367.

12.	Consequently, regardless of any attempt by the Plaintiff to parse any purported claims in this matter, this Court must assume jurisdiction over the entire matter.

## IV. CONCLUSION

13.     A copy of all process, pleadings and orders served upon the removing Defendant in this action is attached hereto as Exhibit "A".

14.     In compliance with 28 U.S.C.§ 1446, the Plaintiff, through counsel, is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Alcorn County, Mississippi.

15.     Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Alcorn County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Cornerstone Health and Rehab of Corinth, LLC d/b/a Cornerstone Health and Rehabilitation of Corinth requests this Court to properly assume full jurisdiction over this matter as provided by law.

Respectfully submitted,
CORNERSTONE HEALTH AND REHAB OF CORINTH, LLC D/B/A CORNERSTONE HEALTH AND REHABILITATION OF CORINTH

By: _____
   LISA WILLIAMS McKAY (MSB #9678)
   WILLIAM W. McKINLEY, JR. (MSB #9987)

OF COUNSEL:

CURRIE JOHNSON GRIFFIN GAINES & MYERS, P.A.
1044 River Oaks Drive (39232)
P. O. Box 750
Jackson, MS 39205-0750
Telephone: 601-969-1010
Telecopier: 601-969-5120

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing a copy of same to be mailed, postage prepaid, to the following counsel of record at the address(es) shown:

> Peter B. Gee, Jr., Esquire
> The Cochran Firm - Memphis
> One Commerce Square
> 26th Floor
> Memphis, TN 38103
> *Counsel for Plaintiff*

This the 15th day of April, 2010.

WILLIAM W. McKINLEY, JR.

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY,

        Plaintiff,

               No. CV10-0124A

               JURY DEMANDED

v.

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE
HEALTH AND REHABILITATION OF
CORINTH and MAGNOLIA REGIONAL
HEALTH SERVICES, INC. d/b/a MAGNOLIA
REGIONAL HEALTH CENTER,

        Defendants.

**FILED**

APR 1 6 2010

DAVID CREWS, CLERK
BY X. Houston
        Deputy

1: 10 CV 84 - A-D

## COMPLAINT

COMES NOW the Plaintiff, ROSE WATSON, AS POWER OF ATTORNEY FOR

DOROTHY PERRY, (hereinafter referred to as "Plaintiff"), by and through her attorneys, and

states as follows for her cause of action against Defendants, CORNERSTONE HEALTH AND

REHAB OF CORINTH, LLC db/a CORNERSTONE HEALTH AND REHABILITATION OF

CORINTH (hereinafter referred to as "Cornerstone Health and Rehab")and MAGNOLIA

REGIONAL HEALTH SERVICES, INC. d/b/a MAGNOLIA REGIONAL HEALTH CENTER

(hereinafter referred to as "Magnolia Regional") (collectively "Defendants"):

### PARTIES

1.    Plaintiff, Rose Watson was and is an adult resident citizen of Alcorn County,

Mississippi.

2.    Plaintiff, Dorothy Perry (Ms. Perry), is an adult resident citizen of Alcorn County,

Mississippi.



EXHIBIT
A

**FILED**

JAN 1 3 2010

JOE CALDWELL, CIRCUIT CLERK
BY _____ DC

3.     Ms. Watson is the daughter and power of attorney for Ms. Perry.  See Power of Attorney, attached as Exhibit A.

4.     Upon information and belief, Cornerstone Health and Rehab of Corinth, LLC is the corporate owner of Cornerstone Health and Rehabilitation of Corinth and may be served with process by serving the Registered Agent for Service of Process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

5.     Cornerstone Health and Rehabilitation of Corinth, upon information and belief, is a licensed, Mississippi nursing home facility operating in Alcorn County, Mississippi and is located at 302 Alcorn Drive, Corinth, Mississippi.

6.     Upon information and belief, Magnolia Regional Health Services, Inc. is the corporate owner of Magnolia Regional Health Center and may be served with process by serving the Registered Agent for Service of Process, Doug Garner, 611 Alcorn Drive, Corinth, MS 38834.

7.     Magnolia Regional Health Services, upon information and belief, is a licensed, Mississippi hospital facility operating in Alcorn County, Mississippi and is located at 611 Alcorn Drive, Corinth, Mississippi.

8.     Upon information and belief, Defendants' employees and/or agents were acting within their course and scope of employment during all times material to this action.

9.     This cause of action arises in tort and as the direct and proximate result of injuries and damages caused by Defendants' negligence in Corinth, Alcorn County, Mississippi, as alleged herein.

10.     In accordance with the provisions of Miss. Code Ann. §11-46-11, Counsel for Plaintiff sent notices of this claim to Cornerstone Health and Rehab of Corinth, LLC,

2

Cornerstone Health and Rehabilitation of Corinth, Magnolia Regional Health Services, Inc. and Magnolia Regional Health Center on August 17, 2009, via certified mail. Copies of said notices are attached as Exhibit 1.

11. In accordance with Miss. Code Ann. §11-1-58 (Supp. 2004), Plaintiff is contemporaneously filing a Certificate of Expert Consultation with the Court, along with this Complaint. This Certificate is attached as Exhibit B.

12. This Court has jurisdiction over the parties and the subject matter.

13. Venue is properly situated in the Circuit Court for Alcorn County, Mississippi.

FACTS

14. Dorothy Perry was admitted to Cornerstone Health & Rehab on October 28, 2008.

15. Upon admission, Ms. Perry was at known risk for falls and fracture during her residency due to her cognitive impairment and the requirement of two-person assistance with transfers.

16. An admission skin assessment did not reveal the presence of skin breakdown or pressure sores.

17. On October 29, 2008, Ms. Perry was found in the hallway lying on her left side.

18. Defendant Cornerstone Health and Rehab failed to assess and reassess Ms. Perry following this incident.

19. On November 3, 2008, an abrasion was observed to Ms. Perry's coccyx area.

20. On November 18, 2008, Ms. Perry was transferred to Magnolia Regional Health Center due to recurrent chest pain.

21. A history and physical exam of Ms. Perry found "edema in left leg all the way to thigh."

22.     On November 19, 2008, Ms. Perry was assessed as having a Stage II pressure sore to her coccyx which subsequently worsened to a stage III.

23.     An x-ray of Ms. Perry's left hip revealed that she had suffered a hip fracture which required surgical repair on or around November 20, 2008.

## DEFENDANTS' ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND DEVIATIONS FROM THE STANDARD OF CARE

24.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-23 as if fully set forth herein.

25.     Defendants owed a duty to its residents and patients, such as Dorothy Perry, to provide care, treatment, services, and custodial supervision within the recognized standards of acceptable professional practice applicable to them in Alcorn County, Mississippi or similar communities.

26.     Defendants owed a duty of ordinary and reasonable care to residents such as Ms. Perry to provide adequate care, treatment, services, and custodial supervision.

27.     Defendants deviated from the recognized standard of acceptable professional practice and failed to provide Ms. Perry with ordinary and reasonable care in the following ways that resulted in certain and specific injuries to her person as described herein:

   a.  Failing to provide a safe environment, including a failure to prevent falls;
   b.  Failing to properly train and supervise its employees to ensure that Ms. Perry received care, treatment, and services in accordance with state and federal laws and regulations;
   c.  Failing to properly staff their facility with sufficient numbers of professional and nonprofessional staff to protect Ms. Perry from injury and neglect;
   d.  Failing to exercise the duty of care owed to Ms. Perry;
   e.  Failing to recognize the dangers associated with residents such as Ms. Perry;
   f.  Failing to properly supervise and care for Ms. Perry;
   g.  Failure of corporate and management agents to properly staff, hire, budget, and train the facilities' employees to ensure that Ms. Perry was provided the appropriate level of care that she required;
   h.  Failure to properly turn and position Ms. Perry, to prevent the onset and

4

progression of pressure sores;

    i.    Failure to take other necessary and reasonable custodial measures to prevent onset and progression of bedsores; and

    j.    Such other acts or omissions that may be proven through discovery or at trial.

## INJURIES AND DAMAGES

28.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1-27 as if fully set forth herein.

29.    As a direct and proximate result of the negligent acts or omissions and willful and wanton conduct of the Defendants and/or their employees and/or agents, Ms. Perry was caused to suffer the following harms, losses, injuries and damages, including but not limited to:

    a.    Falls;

    b.    Pressure sores;

    c.    Loss of enjoyment of life;

    d.    Medical expenses; and,

    e.    Mental and physical pain and suffering.

## TRIAL BY JURY

30.    Plaintiff hereby asserts the right to trial by jury.

**WHEREFORE,** Plaintiff demands the following:

1.    That a judgment be entered of and from the Defendants, for compensatory and punitive damages in an amount to be determined by a jury, but in excess of this Court's jurisdiction;

2.    An award of pre- and post-judgment interest as allowed by law;

3.    An award of costs herein; and

4.    For all such other and further relief, general and specific, legal and equitable, to which Plaintiff is entitled.

Respectfully submitted,

**THE COCHRAN FIRM – MEMPHIS**
One Commerce Square, 26th Floor
Memphis, TN 38103
(901) 523-1222 (Telephone)
(901) 523-1999 (Facsimile)
Email: pgee@cochranfirm.com


PETER B. GEE, JR. (MS #100589)

6

COPY

# DURABLE POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, **DOROTHY PERRY,** an adult resident citizen of Alcorn County, Mississippi, do hereby constitute and appoint **ROSE WATSON,** of Alcorn County, Mississippi, my attorney in fact to represent me in all matters in my name, place and stead, and for my use and benefit.

To exercise, do or perform any act, right, power, duty or obligation whatsoever that I now have or may acquire the legal right, power or capacity to exercise, do or perform in connection with, arising out of, or relating to any person, item, thing, transaction, business, property, real or personal, tangible or intangible or matter whatsoever.

Giving and granting unto my said attorneys, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present; hereby ratifying and confirming all that my said attorney shall lawfully do or cause to be done by virtue of these presents.

This instrument is to be construed and interpreted as a general power of attorney. The enumeration of specific items, acts, rights or powers hereby



EXHIBIT
A

does not limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers herein granted to said attorney in fact. Further, this Power of Attorney is to continue in spite of any subsequent disability on my part.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this the _16_ day of _December_, 2008.

_Dorothy Perry_
DOROTHY PERRY

STATE OF MISSISSIPPI
COUNTY OF ALCORN

PERSONALLY appeared before me, the undersigned authority in and for the aforesaid county and state, the within named DOROTHY PERRY, with whom I am personally acquainted, who acknowledged that he signed and delivered the foregoing instrument on the day and year therein mentioned for the purposes therein expressed.

GIVEN under my hand and official seal of office on this the _16_ day of _December_, 2008.

_Leslie Martin Cantrell_
NOTARY PUBLIC

MY COMMISSION EXPIRES:

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES FEB 1, 2011
BONDED THRU STEGALL NOTARY SERVICE

## IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY,

        Plaintiff,

                                    No. _____
                                      JURY DEMANDED

v.

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE
HEALTH AND REHABILITATION OF
CORINTH and MAGNOLIA REGIONAL
HEALTH SERVICES, INC. d/b/a MAGNOLIA
REGIONAL HEALTH CENTER,

        Defendants.

## CERTIFICATE OF EXPERT CONSULTATION

STATE OF TENNESSEE

COUNTY OF SHELBY

        COMES NOW Peter Byron Gee, and states the following:

1.     I am attorney of record for Plaintiff, Rose Watson, as Power of Attorney for Dorothy Perry in the above-entitled action.

2.     In my capacity as attorney of record I attempted to make a thorough and complete review of all relevant facts and circumstances involved in this matter. I reviewed the facts of the case.

3.     I have consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence* who is qualified to give expert testimony as to the standard of care or negligence in this matter.

4.     I reasonably believe that the expert I have consulted in this matter is knowledgeable in the relevant issues involved in the particular action.



EXHIBIT
B

5.    I have concluded on the basis of such review and consultation that there is a reasonable

basis for the commencement of such action.

Further Affiant sayeth not.

PETER BYRON GEE

On this the 12th day of January, 2010 before me personally appeared PETER BYRON

GEE, to me known to be the person described in and who executed the foregoing instrument, and

acknowledged that he executed the same as his free act and deed.

NOTARY PUBLIC

My Commission Expires:

MY COMMISSION EXPIRES:
October 13, 2010

2

**FILED**

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

APR 16 2010

DAVID CREWS, CLERK
By_____ Deputy

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY,                                    PLAINTIFF

v.                                          CIVIL ACTION NO. CV10-012FA   1 10CV84-A-D

CORNERSTONE HEALTH & REHAB OF
CORINTH, LLC d/b/a CORNERSTONE HEALTH
AND REHABILITATION OF CORINTH and
MAGNOLIA HEALTH SERVICES, INC. d/b/a
MAGNOLIA REGIONAL HEALTH CENTER,                              DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:        Cornerstone Health & Rehab of Corinth, LLC
           d/b/a Cornerstone Health & Rehabilitation of Corinth
           c/o CT Corporation System
           645 Lakeland East Drive, Suite 101
           Flowood, MS 39232

### NOTICE TO DEFENDANT(S)

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Peter B. Gee, Jr., the attorney for the Plaintiff(s), whose address is 2600 One Commerce Square, Memphis, TN 38103, (901) 523-1222. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 13th day of Jan , 2010.

Joe Caldwell_____

CIRCUIT COURT CLERK____

600 Waldron St._____

Corinth, MS 38834

Crystal Starling DC
Deputy Clerk

APR 16 2010

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI DAVID CREWS, CLERK

By: X Hollister

Deputy

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY                                          PLAINTIFF

v.                                                           CAUSE NO. CV10-012FA

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE              1:10 CV54-A D
HEALTH AND REHABILITATION OF
CORINTH and MAGNOLIA REGIONAL
HEALTH SERVICES, INC. d/b/a MAGNOLIA
REGIONAL HEALTH CENTER                                             DEFENDANTS

---

## MOTION TO ENFORCE ARBITRATION AGREEMENT, STAY PROCEEDINGS AND/OR DISMISS AND ANSWER AND DEFENSES OF CORNERSTONE HEALTH AND REHAB OF CORINTH, LLC

---

COMES NOW Defendant, Cornerstone Health and Rehab of Corinth, LLC d/b/a Cornerstone

Health and Rehabilitation of Corinth (hereafter "Defendant" or "Cornerstone"), by and through its

attorney of record, and files this its Motion to Enforce Arbitration Agreement, Stay Proceedings

and/or Dismiss, and Answer and Defenses to the Complaint filed herein against it, and would state

as follows, to-wit:

### FIRST DEFENSE

### MOTION TO ENFORCE ARBITRATION AGREEMENT, STAY PROCEEDINGS AND/OR DISMISS

Comes now Defendant, Cornerstone Health and Rehab of Corinth, LLC, and moves this

Court for a stay and/or dismissal pending arbitration because the defendant is under the protections

of and hereby asserts all rights contained in the Alternative Dispute Resolution Agreement entered

into by Dorothy Perry and the plaintiff, on behalf of Dorothy Perry, as her responsible party, on or

about October 28, 2008. A copy of said Alternative Dispute Resolution Agreement ("the

**FILED**

MAR 02 2010

JOE CALDWELL, CIRCUIT CLERK

BY

Agreement") containing an arbitration clause is attached hereto as Exhibit "A". Said arbitration clause requires that "any legal controversy, dispute, disagreement or claim of any kind (collectively "Dispute") now existing or occurring in the future between the parties arising out of or in any way relating to this Agreement, the Admission Agreement or the Resident's stay at the Facility shall be resolved through an ADR process (as defined herein), including, but not limited to, all Disputes based on breach of contract, negligence, medical malpractice, tort, breach of statutory duty, resident's rights, any departures from accepted standards of care, and all disputes regarding the interpretation of this Agreement, allegations of fraud in the inducement or requests for rescission of this Agreement. This includes any Dispute involving a claim against the Facility, its employees, agents, officers, directors, any parent, subsidiary or affiliate of the Facility or any Dispute involving a claim against the Resident, the Resident's Legal Representative or Responsible Party or family member." This Agreement which was signed by Dorothy Perry and the plaintiff specifically states that "THIS AGREEMENT WAIVES THE RESIDENT'S RIGHT TO A TRIAL IN COURT AND A TRIAL BY JURY FOR ANY FUTURE CLAIMS RESIDENT MAY HAVE AGAINST THE FACILITY." Therefore, this case should be stayed and/or dismissed pending arbitration, and the case submitted to binding arbitration.

WHEREFORE, PREMISES CONSIDERED, defendant asks that the Agreement be enforced and this case be stayed and/or dismissed pending arbitration.

### SECOND DEFENSE

### FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief could be granted against this defendant and should be dismissed in its entirety.

-2-

## THIRD DEFENSE

## ANSWER

Without waiver of the foregoing defenses, Cornerstone Health and Rehab of Corinth, LLC, now answers the allegations of the Complaint paragraph by paragraph as follows:

## PARTIES

1.    Upon information and belief, this defendant admits the allegations contained in paragraph 1 of the Complaint.

2.    Upon information and belief this defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    Upon information and belief, this defendant admits the allegations contained in paragraph 3 of the Complaint.

4.    Other than admitting that Cornerstone Health and Rehab of Corinth, LLC has been served with process, all other allegations contained in paragraph 4 are denied.

5.    The allegations contained in paragraph 5 are admitted.

6.    The allegations contained in paragraph 6 are not directed at this defendant such that no response is required. Out of an abundance of caution, if these allegations are construed against this defendant, then they are denied.

7.    The allegations contained in paragraph 7 are not directed at this defendant such that no response is required. Out of an abundance of caution, if these allegations are construed against this defendant, then they are denied.

8.    Other than admitting that Cornerstone Health and Rehab of Corinth, LLC's employees and/or agents may have been acting within the course and scope of their employment,

-3-

all other allegations contained in paragraph 8 are denied.

9.   The allegations contained in paragraph 9 are denied.

10.   Other than admitting that Cornerstone Health and Rehab of Corinth, LLC received a purported Notice of Claims letter, all other allegations contained in paragraph 10 are denied.

11.   Other than admitting that there is a purported Certificate of Expert Consultation attached as Exhibit B to the Complaint, all other allegations contained paragraph 11 are denied.

12.   The allegations contained in paragraph 12 are admitted.

13.   The allegations contained in paragraph 13 are admitted.

## FACTS

14.   The allegations contained in paragraph 14 are admitted.

15.   Other than admitting that Dorothy Perry was admitted to Cornerstone Health and Rehab of Corinth with certain known risk factors and that Dorothy Perry's medical records speak for themselves, all other allegations contained in paragraph 15 are denied.

16.   Dorothy Perry's medical records speak for themselves.  To the extent the allegations contained in paragraph 16 differ from those medical records, the allegations contained in paragraph 16 are denied.

17.   Dorothy Perry's medical records speak for themselves.  To the extent the allegations contained in paragraph 17 differ from those medical records, the allegations contained in paragraph 17 are denied.

18.   The allegations contained in paragraph 18 are denied.

19.   Dorothy Perry's medical records speak for themselves.  To the extent the allegations contained in paragraph 19 differ from those medical records, the allegations contained

-4-

in paragraph 19 are denied.

20.     Dorothy Perry's medical records speak for themselves. To the extent the allegations contained in paragraph 20 differ from those medical records, the allegations contained in paragraph 20 are denied.

21.     This defendant is without information sufficient to admit or deny the allegations contained in paragraph 21. Out of an abundance of caution, if these allegations are construed against this defendant, then they are denied.

22.     This defendant is without information sufficient to admit or deny the allegations contained in paragraph 22. Out of an abundance of caution, if these allegations are construed against this defendant, then they are denied.

23.     This defendant is without information sufficient to admit or deny the allegations contained in paragraph 23. Out of an abundance of caution, if these allegations are construed against this defendant, then they are denied.

## DEFENDANTS' ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND DEVIATIONS FROM THE STANDARD OF CARE

24.     In answer to paragraph 24, this defendant would incorporate by reference its respective admissions and denials to the previous allegations of the Complaint.

25.     The allegations contained in Paragraph 25 are allegations of law, such that no response is required. To the extent that a response is required, this defendant would admit that Cornerstone had only those duties, if any, that were placed upon it under applicable law, and would affirmatively assert that it met and complied with all applicable duties and standards of care.

-5-

26.     The allegations contained in Paragraph 26 are allegations of law, such that no response is required.  To the extent that a response is required, this defendant would admit that Cornerstone had only those duties, if any, that were placed upon it under applicable law, and would affirmatively assert that it met and complied with all applicable duties and standards of care.

27.     The allegations contained in paragraph 27 and all sub-paragraphs thereunder are denied.

## INJURIES AND DAMAGES

28.     In answer to paragraph 28, this defendant would incorporate by reference its respective admissions and denials to the previous allegations of the Complaint.

29.     The allegations contained in paragraph 29 and all sub-paragraphs thereunder are denied.

## TRIAL BY JURY

30.     Defendant admits that plaintiff has asserted her right to a trial by jury.

[unnumbered paragraph]

In response to the unnumbered paragraph beginning "WHEREFORE" and all sub-paragraphs thereunder, this defendant denies that plaintiff is entitled to any of the relief sought.  All other allegations contained in the Complaint neither specifically admitted or denied are denied.

## FOURTH DEFENSE

An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section Fourteen of the Mississippi Constitution.

-6-

## SIXTEENTH DEFENSE

Defendant asserts that plaintiff has failed to plead fraud with particularity and such claim must fail.

## SEVENTEENTH DEFENSE

Defendant affirmatively pleads judicial estoppel and lack of standing.

## EIGHTEENTH DEFENSE

Defendant asserts the statutory caps placed on non-economic damage and other protections afforded by the law commonly referred to as the Mississippi Tort Reform Act.

## NINETEENTH DEFENSE

Defendant reserves the right to plead any defenses which become apparent during the course of discovery.

WHEREFORE, PREMISES CONSIDERED, defendant respectfully requests the Court to dismiss the Complaint filed herein against it with all costs taxed to the plaintiff.

Respectfully submitted,

CORNERSTONE HEALTH AND REHAB OF CORINTH, LLC

By: _____

LISA WILLIAMS McKAY, (MSB #9678)

OF COUNSEL:

CURRIE JOHNSON GRIFFIN GAINES & MYERS, P.A.
1044 RIVER OAKS DRIVE (39232)
POST OFFICE BOX 750
JACKSON, MISSISSIPPI 39205-0750
TELEPHONE: (601) 969-1010
FACSIMILE: (601)969-5120

## CERTIFICATE OF SERVICE

I, Lisa Williams McKay, hereby certify that I have this day forwarded, via facsimile number

(901) 523-1999, and U.S. Mail, postage pre-paid, a true and correct copy of the foregoing to:

Peter B. Gee, Jr., Esquire
THE COCHRAN FIRM - MEMPHIS
One Commerce Square, 26th Floor
Memphis, TN 38103

*Counsel for Plaintiff*

SO CERTIFIED this 26th day of February, 2010.

LISA WILLIAMS McKAY

-10-

# ALTERNATIVE DISPUTE RESOLUTION AGREEMENT
## By and Between

"Provider"  **Cornerstone Health & Rehab of Corinth, LLC**

"Facility" (d/b/a)  **Cornerstone Health & Rehab of Corinth, LLC** Name                           Location

"Resident"  **Dorothy Perry**  Admission Date **10/28/08**  Resident # **701**

"Responsible Party"

Name:  **Rose Watson**

Address:  **Po Box 715    Corinth ms 38834**

The parties hereto ("Parties" or individually "Party") agree as set forth herein as of this **28** day of **Oct**, 200**8**. All Parties identified and signing below as Co-Responsible Parties shall also be deemed to be a Party to this Agreement and hereby agree to all its terms and provisions. (The Responsible Party and Co-Responsible Parties are hereinafter singularly and collectively referred to as "Responsible Party").

### IMPORTANT NOTICE

THIS ALTERNATIVE DISPUTE RESOLUTION AGREEMENT IS A LEGALLY BINDING DOCUMENT. THE RESIDENT AND RESPONSIBLE PARTY UNDERSTAND THAT THEY HAVE CHOICES AND OPTIONS OTHER THAN PLACEMENT OF THE RESIDENT IN THIS FACILITY. THIS AGREEMENT CONTAINS SEVERAL PROVISIONS INTENDED TO REDUCE THE COST OF NON-CARE RELATED EXPENSES SUCH AS LEGAL FEES, SETTLEMENT COSTS, ADMINISTRATIVE TIME AND SIMILAR EXPENSES IN ORDER THAT THE FACILITY MAY SPEND MORE MONEY IN OTHER AREAS THAT MAY BE OF GREATER BENEFIT TO THE RESIDENT. BEFORE SIGNING THIS AGREEMENT PLEASE READ IT CAREFULLY. IF YOU HAVE ANY QUESTIONS, PLEASE BRING THEM TO FACILITY'S ATTENTION.   YOU HAVE THE RIGHT AND ARE ENCOURAGED TO SEEK THE ADVICE OF LEGAL COUNSEL BEFORE SIGNING.

EXPLANATION OF TERMS:

"Agreement" means this Alternative Dispute Resolution Agreement.

Copyright © 2004
Mississippi ADR Agreement
September 23, 2005

FILED

MAR 0 4 2010

JOE CALDWELL, CIRCUIT CLERK

BY 



EXHIBIT
tabbies
"A"

Case: 1:10-cv-00084-SA-JAD Doc #: 1 Filed: 04/16/10 26 of 33 PageID #: 26

"Arbitration" means a method of resolving disputes by using a neutral third party, called the Arbitrator, rather than having a judge or jury decide the dispute in a court of law. Arbitration is generally a quicker and less expensive way to resolve disputes. Also, since it does not take place in a public forum like a court room, it helps protect the privacy and dignity of the participants.

"Alternative Dispute Resolution" or "ADR" means a process utilizing grievance resolution, mediation and arbitration to resolve disputes.

"Binding Arbitration" means that the decision of the Arbitrator is final and cannot be reviewed or overturned by a judge or jury.

"Dispute" means all disputes whether it is a claim for personal injury or wrongful death (tort law), breach of contract (contract law) or violation of a state or federal law, regulation or rule (statutory law).

"Grievance Resolution" means a meeting between the Resident and/or Responsible Party and the Facility with the purpose of resolving any Disputes without the intervention of a neutral third party.

"Mediation" means a non-binding method of dispute resolution involving a neutral third party who tries to help the disputing parties reach a mutually agreeable solution.

"Party and Parties" means the Resident, the Resident's spouse, children, heirs, Personal Representative(s) any other person or entity who may make a claim on behalf of the Resident or individually against the Facility. It also means the Facility, its owners, directors, managers, officers, subsidiaries, employees and agents.

## A.   STATEMENT OF PURPOSE

The purpose of this Alternative Dispute Resolution Agreement is to provide an efficient way for the Parties to resolve any dispute that may arise out of the Resident's stay at the Facility. Avoiding the substantial expense of litigating disputes in a courtroom setting allows the Facility to spend its money in other areas that may be of greater benefit to the Resident. In addition, litigation often times takes months or even years to resolve disputes. Grievance Resolution, Mediation and Arbitration (collectively referred to as "Alternative Dispute Resolution" or "ADR") give the Parties the opportunity to resolve their claims significantly quicker. As many nursing home residents are elderly, a quicker less expensive method of resolving disputes may be in their best interest.

As the Resident and/or Responsible Party may be unfamiliar with Grievance Resolution, Mediation and Arbitration, it is important that the Parties fully understand their rights and obligation created by this Agreement. While there are certain advantages to Grievance Resolution, Mediation and Arbitration, by signing this Agreement, the Resident and/or Responsible Party are

Copyright © 2004
Mississippi ADR Agreement
September 23, 2005

giving up certain rights that they may consider important, for example the right to have your dispute heard by a judge or jury. Therefore, should you have any questions while reading this Agreement, do not sign it until those questions have been answered to your satisfaction, either by someone at the Facility or by your own attorney or legal advisor.

## B.  AGREEMENT TO SUBMIT DISPUTES TO ADR

1.  **Disputes Subject to ADR.**  The Parties agree that any legal controversy, dispute, disagreement or claim of any kind (collectively "Dispute") now existing or occurring in the future between the parties arising out of or in any way relating to this Agreement, the Admission Agreement or the Resident's stay at the Facility shall be resolved through an ADR process (as defined herein), including, but not limited to, all Disputes based on breach of contract, negligence, medical malpractice, tort, breach of statutory duty, resident's rights, any departures from accepted standards of care, and all disputes regarding the interpretation of this Agreement, allegations of fraud in the inducement or requests for rescission of this Agreement. This includes any Dispute involving a claim against the Facility, its employees, agents, officers, directors, any parent, subsidiary or affiliate of the Facility or any Dispute involving a claim against the Resident, the Resident's Legal Representative or Responsible Party or family member.

2.  **All Existing Disputes Must Be Submitted.**  All Disputes based in whole or in part on the same incident, transaction, or related course of care and services provided by the Facility to the Resident, regardless of whether it is the Facility or the Resident initiating the Dispute, shall be resolved in one ADR proceeding. A Dispute shall be waived and forever barred if it arose prior to the date upon which notice of ADR process is received by to the Facility or by the Resident, and is not presented in the ADR process.

3.  **Disputes Not Subject to ADR.**  Notwithstanding anything to the contrary, either Party may, at its discretion, opt out of the requirements of this Agreement and proceed in a court of law, for the following matters:

   a.  The refund of money to the Resident, to the Resident's Legal Representative or the Resident's estate.

   b.  Payment of services rendered to the Resident by the Facility.

## C.  ALTERNATIVE DISPUTE RESOLUTION PROCEDURE

1.  **Procedure for Requesting the ADR Process.**

   a.  **Grievance Resolution.**  In the event a Dispute shall arise between the Parties, the Parties agree to participate in a Grievance Resolution meeting. The aggrieved party

Copyright © 2004
Mississippi ADR Agreement
September 23, 2005

shall notify in writing, including a full and complete description of the facts and issues to be the subject of the Grievance Resolution, the other Party of its demand for Grievance Resolution meeting. The Grievance Resolution meeting shall be held at a time and place mutually agreeable to the Parties, but not more than thirty (30) days after the written request is received, unless otherwise mutually agreed upon by the Parties. The Parties further agree to exercise good faith in resolving any and all Disputes.

    b.  **Mediation and Arbitration.** In the event that any Dispute is not resolved through the Grievance Resolution meeting, the Parties agree to participate in formal Mediation and Arbitration to be conducted by ADR Associates, LLC, through its Dispute Resolution Process for Consumer Healthcare Disputes (ADR Associates' Rules"), which are incorporated herein be reference*, and as more fully set forth below. If ADR Associates, LLC is unable or unwilling to conduct the ADR process at the time of the dispute, the parties shall mutually agree upon an alternative organization that is regularly engaged in providing ADR services to conduct the Mediation and Arbitration. If the Parties cannot agree on a mediator/arbitrator, each Party shall select one mediator/arbitrator and they together shall choose a third mediator/arbitrator who shall conduct the ADR process.

    c.  **Request for Mediation and Arbitration.** If a Dispute is not resolved through the Grievance Resolution meeting, either Party may demand Mediation and Arbitration by filing a demand for alternative dispute resolution with ADR Associates, LLC, as set forth in the ADR Associates' Rules. All Disputes for which a demand is made shall first proceed to Mediation. If the Parties fail to resolve their dispute through Mediation, either party may request any unresolved Disputes to be decided by Binding Arbitration, as set forth in the ADR Associates' Rules.

    d.  **Requirement to Follow ADR Procedures.** The failure of either Party to follow the preceding requirements, including proceeding through the Grievance Resolution meeting, Mediation and Arbitration along with all notice requirement, shall act as a waiver and bar to all unresolved Disputes.

    2.  **Binding Effect.** The Parties agree that the arbitrator shall have all the authority necessary to render a final, binding decision of all Disputes and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The decision of the arbitrator shall be binding on all parties to the Arbitration, and also on the successors and assigns, including the agents and employees of the Facility, and all persons whose claim is derived

---

\* A copy of the ADR Associates' Rules may be obtained from the Facility's Administrator, or directly from ADR Associates, LLC: 1666 Connecticut Ave., NW, Suite 500, Washington, D.C. 20009, telephone (202) 332-0490, www.ADRAssociates.com

Copyright © 2004
Mississippi ADR Agreement
September 23, 2005

through or on behalf of the Resident, including but not limited to, that of any parent, spouse, child, guardian, executor, administrator, legal representative, or heir of the Resident. The Parties specifically agree that the decision of the arbitrator shall be final and may not be appealed to a court of law or equity.

3. **Cost of ADR.** All expenses of the ADR process shall be shared equally by the parties to this Agreement, except the filing fees, where applicable, which shall be the sole expense of the Party requesting ADR process. Each Party agrees to be responsible for their own attorney fees, if any, incurred in relation to this Agreement.

## D. ACKNOWLEDGMENT OF RESIDENT

By signing this Agreement, the Resident expressly agrees and acknowledges the following:

1. This Alternative Dispute Resolution Agreement shall not limit in any way the Resident's right to file formal or informal grievances with the Facility or the State or Federal government;

2. The decision whether to sign this Agreement is solely a matter for the Resident's determination without any influence from any third-party;

3. Unless otherwise indicated, the Resident finds the terms and provisions of this Agreement acceptable and understands that he or she has the opportunity to suggest modifications to this Agreement and negotiate and terms or provisions with management of the Facility prior to signing;

4. **THIS AGREEMENT WAIVES THE RESIDENT'S RIGHT TO A TRIAL IN COURT AND A TRIAL BY JURY FOR ANY FUTURE CLAIMS RESIDENT MAY HAVE AGAINST THE FACILITY;** and

5. The Resident has the right to seek legal counsel regarding this Agreement.

## E. OTHER IMPORTANT PROVISIONS

1. **Jurisdiction.** The Parties acknowledge and agree that, because the Admission Agreement and the Resident's stay at the Facility involves and affects interstate commerce, the enforcement of this Arbitration Agreement shall be governed by the Federal Arbitration Act (Title 9 of the United States Code), notwithstanding any contrary provision of the Admission Agreement or state law. Furthermore, the provision of this Arbitration Agreement shall survive any termination or breach of the Admission Agreement.

Copyright © 2004
Mississippi ADR Agreement
September 23, 2005

2. **Severability.** In the event any provision of this Agreement is held to be unenforceable for any reason, the unenforceability thereof shall not affect the remainder of this Agreement, which shall remain in full force and effect and enforceable in accordance with its terms.

3. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be an original, and all such counterparts together shall constitute but one and the same document.

4. **Conflict with Admission Agreement.** If any terms or conditions in this Alternative Dispute Resolution Agreement are in conflict or disagreement with the Admission Agreement entered into between the parties, the terms and conditions of this Alternative Dispute Resolution Agreement shall prevail.

5. **Entire Agreement.** This Agreement constitutes the entire agreement among the Parties pertaining to the subject matter contained in it and supersedes all prior arrangements, representations and all understandings of the Parties. No supplement, modification or amendment of this Agreement shall be binding unless expressed as such and executed in writing by all the Parties.

[Intentionally Left Blank]

Copyright © 2004
Mississippi ADR Agreement
September 23, 2005

## RESIDENTS RIGHT TO CANCEL AGREEMENT

The Resident, or the Resident's spouse or the personal representative of the Resident's estate in the event of the Resident's death or incapacity, has the right to cancel this Agreement by notifying the Facility in writing. Such notice must be sent via certified mail to the attention of the Administrator of the Facility, and the notice must be post marked within 10 days of the date upon which this Agreement was signed. The notice may also be hand delivered to the Administrator within the same thirty day time period. The filing of a claim in a court of law within the thirty days provided for above will cancel the Agreement without any further action by the Resident.

THE UNDERSIGNED ACKNOWLEDGE THAT EACH OF THEM HAS READ AND UNDERSTOOD THIS AGREEMENT AND THAT EACH OF THEM VOLUNTARILY CONSENTS TO AND ACCEPT ALL OF ITS TERMS AND PROVISIONS.

IN WITNESS WHEREOF, the Parties hereto agree as of the earlier date first herein above set forth or the date of initial admission of the Resident to the Facility.

_____
Facility Representative

_____
Witness

_____
Signature of Resident

_____
Witness

_____
Signature of Responsible Party

_____
Witness

Additional Co-Responsible Parties (if applicable)

_____
Name (Printed or Typed)

_____
Signature of Co-Responsible Party

_____
Witness

Copyright © 2004
Mississippi ADR Agreement
September 23, 2005

7 of 7

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

**FILED**

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY                                    PLAINTIFF

APR 16 2010

DAVID CREWS, CLERK
By _____
                    Deputy

V.                                    CAUSE NO. <u>CV 10-012 FA</u>

1:10CV84- A-D

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE
HEALTH AND REHABILITATION OF
CORINTH and MAGNOLIA REGIONAL
HEALTH SERVICES, INC. d/b/a MAGNOLIA
REGIONAL HEALTH CENTER                                    DEFENDANTS

### STIPULATION OF DISMISSAL, WITHOUT PREJUDICE, OF
### MAGNOLIA REGIONAL HEALTH SERVICES, INC. D/B/A
### <u>MAGNOLIA REGIONAL HEALTH CENTER</u>

COMES NOW Plaintiff Rose Watson, as Power of Attorney for Dorothy Perry, by

and through counsel, and pursuant to Rule 41 of the Mississippi Rules of Civil

Procedure, hereby stipulates to the dismissal, <u>without prejudice</u>, of Defendant Magnolia

Regional Health Services, Inc. d/b/a Magnolia Regional Health Center as a defendant in

this cause, including all claims asserted against Defendant Magnolia Regional Health

Services, Inc. d/b/a Magnolia Regional Health Center in the operative Complaint. This

Stipulation of Dismissal, Without Prejudice, does not effect Plaintiff's claims against any

other defendant in this cause.

THIS the _17__ day of ___March___, 2010.

_____
Peter Gee, Esquire,
Counsel for Plaintiff Rose Watson, as
Power of Attorney for Dorothy Perry

848449

## CERTIFICATE OF SERVICE

I, Peter Gee, one of the attorneys for the Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing Stipulation of Dismissal, Without Prejudice by placing said copy in the United States Mail, postage prepaid, addressed to the following:

> Brad Dillard
> P.O. Box 7120
> Tupelo, MS 38802

DATED, this the ___17___ day of March, 2010.

_____
PETER GEE