IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY,

    Plaintiff,

No. CV10-012FA

JURY DEMANDED

v.

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE
HEALTH AND REHABILITATION OF
CORINTH and MAGNOLIA REGIONAL
HEALTH SERVICES, INC. d/b/a MAGNOLIA
REGIONAL HEALTH CENTER,

    Defendants.

**FILED**

APR 16 2010

DAVID CREWS, CLERK
BY: /s/ Houston
    Deputy

1. 10CV84-A-D

## COMPLAINT

COMES NOW the Plaintiff, ROSE WATSON, AS POWER OF ATTORNEY FOR DOROTHY PERRY, (hereinafter referred to as "Plaintiff"), by and through her attorneys, and states as follows for her cause of action against Defendants, CORNERSTONE HEALTH AND REHAB OF CORINTH, LLC db/a CORNERSTONE HEALTH AND REHABILITATION OF CORINTH (hereinafter referred to as "Cornerstone Health and Rehab") and MAGNOLIA REGIONAL HEALTH SERVICES, INC. d/b/a MAGNOLIA REGIONAL HEALTH CENTER (hereinafter referred to as "Magnolia Regional") (collectively "Defendants"):

### PARTIES

1. Plaintiff, Rose Watson was and is an adult resident citizen of Alcorn County, Mississippi.

2. Plaintiff, Dorothy Perry (Ms. Perry), is an adult resident citizen of Alcorn County, Mississippi.



EXHIBIT A

**FILED**

JAN 13 2010

JOE CALDWELL, CIRCUIT CLERK
BY: [signature] D.C.

3. Ms. Watson is the daughter and power of attorney for Ms. Perry. See Power of Attorney, attached as Exhibit A.

4. Upon information and belief, Cornerstone Health and Rehab of Corinth, LLC is the corporate owner of Cornerstone Health and Rehabilitation of Corinth and may be served with process by serving the Registered Agent for Service of Process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

5. Cornerstone Health and Rehabilitation of Corinth, upon information and belief, is a licensed, Mississippi nursing home facility operating in Alcorn County, Mississippi and is located at 302 Alcorn Drive, Corinth, Mississippi.

6. Upon information and belief, Magnolia Regional Health Services, Inc. is the corporate owner of Magnolia Regional Health Center and may be served with process by serving the Registered Agent for Service of Process, Doug Garner, 611 Alcorn Drive, Corinth, MS 38834.

7. Magnolia Regional Health Services, upon information and belief, is a licensed, Mississippi hospital facility operating in Alcorn County, Mississippi and is located at 611 Alcorn Drive, Corinth, Mississippi.

8. Upon information and belief, Defendants' employees and/or agents were acting within their course and scope of employment during all times material to this action.

9. This cause of action arises in tort and as the direct and proximate result of injuries and damages caused by Defendants' negligence in Corinth, Alcorn County, Mississippi, as alleged herein.

10. In accordance with the provisions of Miss. Code Ann. §11-46-11, Counsel for Plaintiff sent notices of this claim to Cornerstone Health and Rehab of Corinth, LLC,

2

Cornerstone Health and Rehabilitation of Corinth, Magnolia Regional Health Services, Inc. and Magnolia Regional Health Center on August 17, 2009, via certified mail. Copies of said notices are attached as Exhibit 1.

11. In accordance with Miss. Code Ann. §11-1-58 (Supp. 2004), Plaintiff is contemporaneously filing a Certificate of Expert Consultation with the Court, along with this Complaint. This Certificate is attached as Exhibit B.

12. This Court has jurisdiction over the parties and the subject matter.

13. Venue is properly situated in the Circuit Court for Alcorn County, Mississippi.

## FACTS

14. Dorothy Perry was admitted to Cornerstone Health & Rehab on October 28, 2008.

15. Upon admission, Ms. Perry was at known risk for falls and fracture during her residency due to her cognitive impairment and the requirement of two-person assistance with transfers.

16. An admission skin assessment did not reveal the presence of skin breakdown or pressure sores.

17. On October 29, 2008, Ms. Perry was found in the hallway lying on her left side.

18. Defendant Cornerstone Health and Rehab failed to assess and reassess Ms. Perry following this incident.

19. On November 3, 2008, an abrasion was observed to Ms. Perry's coccyx area.

20. On November 18, 2008, Ms. Perry was transferred to Magnolia Regional Health Center due to recurrent chest pain.

21. A history and physical exam of Ms. Perry found "edema in left leg all the way to thigh."

3

22. On November 19, 2008, Ms. Perry was assessed as having a Stage II pressure sore to her coccyx which subsequently worsened to a stage III.

23. An x-ray of Ms. Perry's left hip revealed that she had suffered a hip fracture which required surgical repair on or around November 20, 2008.

## DEFENDANTS' ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND DEVIATIONS FROM THE STANDARD OF CARE

24. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-23 as if fully set forth herein.

25. Defendants owed a duty to its residents and patients, such as Dorothy Perry, to provide care, treatment, services, and custodial supervision within the recognized standards of acceptable professional practice applicable to them in Alcorn County, Mississippi or similar communities.

26. Defendants owed a duty of ordinary and reasonable care to residents such as Ms. Perry to provide adequate care, treatment, services, and custodial supervision.

27. Defendants deviated from the recognized standard of acceptable professional practice and failed to provide Ms. Perry with ordinary and reasonable care in the following ways that resulted in certain and specific injuries to her person as described herein:

    a. Failing to provide a safe environment, including a failure to prevent falls;
    b. Failing to properly train and supervise its employees to ensure that Ms. Perry received care, treatment, and services in accordance with state and federal laws and regulations;
    c. Failing to properly staff their facility with sufficient numbers of professional and nonprofessional staff to protect Ms. Perry from injury and neglect;
    d. Failing to exercise the duty of care owed to Ms. Perry;
    e. Failing to recognize the dangers associated with residents such as Ms. Perry;
    f. Failing to properly supervise and care for Ms. Perry;
    g. Failure of corporate and management agents to properly staff, hire, budget, and train the facilities' employees to ensure that Ms. Perry was provided the appropriate level of care that she required;
    h. Failure to properly turn and position Ms. Perry, to prevent the onset and

        progression of pressure sores;

  i. Failure to take other necessary and reasonable custodial measures to prevent onset and progression of bedsores; and

  j. Such other acts or omissions that may be proven through discovery or at trial.

## INJURIES AND DAMAGES

28. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-27 as if fully set forth herein.

29. As a direct and proximate result of the negligent acts or omissions and willful and wanton conduct of the Defendants and/or their employees and/or agents, Ms. Perry was caused to suffer the following harms, losses, injuries and damages, including but not limited to:

  a. Falls;

  b. Pressure sores;

  c. Loss of enjoyment of life;

  d. Medical expenses; and,

  e. Mental and physical pain and suffering.

## TRIAL BY JURY

30. Plaintiff hereby asserts the right to trial by jury.

WHEREFORE, Plaintiff demands the following:

1. That a judgment be entered of and from the Defendants, for compensatory and punitive damages in an amount to be determined by a jury, but in excess of this Court's jurisdiction;

2. An award of pre- and post-judgment interest as allowed by law;

3. An award of costs herein; and

4. For all such other and further relief, general and specific, legal and equitable, to which Plaintiff is entitled.

5

Respectfully submitted,

**THE COCHRAN FIRM – MEMPHIS**
One Commerce Square, 26th Floor
Memphis, TN 38103
(901) 523-1222 (Telephone)
(901) 523-1999 (Facsimile)
Email: pgee@cochranfirm.com

_____
PETER B. GEE, JR. (MS #100589)

# DURABLE POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, **DOROTHY PERRY**, an adult resident citizen of Alcorn County, Mississippi, do hereby constitute and appoint **ROSE WATSON**, of Alcorn County, Mississippi, my attorney in fact to represent me in all matters in my name, place and stead, and for my use and benefit.

To exercise, do or perform any act, right, power, duty or obligation whatsoever that I now have or may acquire the legal right, power or capacity to exercise, do or perform in connection with, arising out of, or relating to any person, item, thing, transaction, business, property, real or personal, tangible or intangible or matter whatsoever.

Giving and granting unto my said attorneys, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present; hereby ratifying and confirming all that my said attorney shall lawfully do or cause to be done by virtue of these presents.

This instrument is to be construed and interpreted as a general power of attorney. The enumeration of specific items, acts, rights or powers hereby



EXHIBIT A

does not limit or restrict, and is not to be construed or interpreted as limiting or restricting the general powers herein granted to said attorney in fact. Further, this Power of Attorney is to continue in spite of any subsequent disability on my part.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this the 16 day of December, 2008.

_____
DOROTHY PERRY

STATE OF MISSISSIPPI
COUNTY OF ALCORN

PERSONALLY appeared before me, the undersigned authority in and for the aforesaid county and state, the within named DOROTHY PERRY, with whom I am personally acquainted, who acknowledged that he signed and delivered the foregoing instrument on the day and year therein mentioned for the purposes therein expressed.

GIVEN under my hand and official seal of office on this the 16 day of December, 2008.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES FEB 1, 2011
BONDED THRU STEGALL NOTARY SERVICE

IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY,

        Plaintiff,

No. _____
JURY DEMANDED

v.

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE
HEALTH AND REHABILITATION OF
CORINTH and MAGNOLIA REGIONAL
HEALTH SERVICES, INC. d/b/a MAGNOLIA
REGIONAL HEALTH CENTER,

        Defendants.

## CERTIFICATE OF EXPERT CONSULTATION

STATE OF TENNESSEE

COUNTY OF SHELBY

COMES NOW Peter Byron Gee, and states the following:

1. I am attorney of record for Plaintiff, Rose Watson, as Power of Attorney for Dorothy Perry in the above-entitled action.

2. In my capacity as attorney of record I attempted to make a thorough and complete review of all relevant facts and circumstances involved in this matter. I reviewed the facts of the case.

3. I have consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence* who is qualified to give expert testimony as to the standard of care or negligence in this matter.

4. I reasonably believe that the expert I have consulted in this matter is knowledgeable in the relevant issues involved in the particular action.


EXHIBIT B

5.  I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Further Affiant sayeth not.

_____
PETER BYRON GEE

On this the 12th day of January, 2010 before me personally appeared PETER BYRON GEE, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
NOTARY PUBLIC

My Commission Expires:

MY COMMISSION EXPIRES:
October 13, 2010

2