IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROSE WATSON, AS POWER OF
ATTORNEY FOR DOROTHY PERRY                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO.: 1:10CV84-SA-JAD

CORNERSTONE HEALTH AND REHAB
OF CORINTH, LLC d/b/a CORNERSTONE
HEALTH AND REHABILITATION OF
CORINTH                                                                        DEFENDANT

ORDER ON MOTION TO COMPEL ARBITRATION

Plaintiff filed this action against the Cornerstone Health and Rehabilitation of Corinth ("Cornerstone") for damages caused by Defendant's negligent care of Dorothy Perry. Specifically, Plaintiff alleges that Defendant's acts of negligence, medical malpractice, and deviations from the standard of care caused Perry to suffer pressure sores, falls, loss of enjoyment of life, medical expenses, and mental and physical pain and suffering. This case was removed to the federal court on April 16, 2010. Defendant has filed a Motion to Stay Proceedings, Enforce Arbitration Agreement and/or, Motion to Dismiss [7].

On October 28, 2008, Dorothy Perry and Rose Watson, as her "Responsible Party," executed an "Alternative Dispute Resolution Agreement." That Agreement provided as follows:

> The Parties agree that any legal controversy, dispute, disagreement or claim of any kind (collectively "Dispute") now existing or occurring in the future between the parties arising out of or in any way relating to this Agreement, the Admission Agreement or the Resident's stay at the Facility shall be resolved through an ADR process (as defined herein), including, but not limited to, all Disputes based on breach of contract, negligence, medical malpractice, tort, breach of statutory duty, resident's rights, any departures from accepted standards of care, and all disputes regarding the interpretation of this Agreement, allegations of fraud in the inducement or requests for rescission of this Agreement.

Cornerstone now seeks to dismiss this case so the arbitration agreement can be enforced. Plaintiff

did not respond to the motion.

In determining if the parties agreed to arbitrate, a court must make two determinations, whether (1) there is a valid agreement to arbitrate; and, (2) the dispute in question falls within the scope of that agreement. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir. 2003).

It is undisputed that Perry and Plaintiff both signed the Agreement and acknowledged that "each of them has read and understood this Agreement and that each of them voluntarily consents to accepts all of its terms and provisions." Accordingly, there is a valid agreement to arbitrate.

Plaintiff alleges that Defendant committed negligence and medical malpractice in its treatment of Perry. The Agreement specifically states that it applies to "all Disputes based on . . . negligence, [and] medical malpractice . . . ." Thus, the dispute falls within the scope of the Agreement.

The Court finds that a valid agreement to arbitrate exists. The claims brought by the Plaintiff fall within that agreement, and no reason exists why these claims are not arbitrable. The Defendant's Motion to Compel Arbitration is GRANTED and this case is CLOSED.

SO ORDERED, this the 29th day of June, 2010.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**